Sylvester Mark **HOLLEY**,

v.

**Howard D. YEAGER, Warden of the New Jersey State Prison, Appellant.**

**No. 15498.**

United States Court of Appeals Third Circuit.

Argued April 12, 1966.

Decided July 21, 1966.

See also D.C., 205 F.Supp. 933.

John G. Graham, Asst. Prosecutor, Newark, N. J. (Brendan T. Byrne, County Prosecutor of Essex County, Newark, N. J., on the brief), for appellant.

Thomas C. Jamieson, Jr., Trenton, N. J., for appellee.

Before McLAUGHLIN, GANEY and FREEDMAN, Circuit Judges.

PER CURIAM.

This is an appeal from the judgment of the District Court allowing a writ of habeas corpus to a state prisoner who had been convicted of murder on April 8, 1960. The trial judge, as he was bound to do, granted the writ on the authority of United States ex rel. Russo v. State of New Jersey, 351 F.2d 429 (3 Cir. 1965) which applied the rule in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) retroactively. The United States Supreme Court in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (June 20, 1966) has now held "that Escobedo affects only those cases in which the trial began after June 22, 1964, the date of that decision." (86 S.Ct., p. 1775). The Supreme Court on the same day (June 20, 1966), allowed certiorari in New Jersey et al. v. Russo et al., 86 S.Ct. 1914, vacated the judgment and remanded the case to the District Court "for further proceedings in the light of Johnson v. New Jersey, 384 U.S. 719 [86 S.Ct. 1772, 16 L.Ed.2d 882]."

The alleged retroactive effect of Russo was the only point of substance on this

appeal. The judgment of the District Court will be reversed and the cause remanded to that Court with direction to enter judgment denying the application for writ of habeas corpus.

We commend assigned counsel for appellee on this appeal for his thorough, competent representation of appellee.

FREEDMAN, Circuit Judge (concurring).

The record shows that relator claimed that the police refused to include in the confession which he signed his statement that the deceased had come after him with an ice pick. This would require consideration along with the fact that he was not represented by counsel and none was offered to him. See Davis v. North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (June 20, 1966). However, the issue of voluntariness of the confession was not raised in the district court or before us and apparently has not been raised in the state courts. I feel it desirable, however, to point to this element in the case while concurring in the judgment of the court on the issues raised before us.